UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:13-CR-131 JD |
| | ) |
| BRIAN L. BAKER | ) |

## OPINION AND ORDER

Now before the Court is the Defendant Brian L. Baker's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mr. Baker pled guilty to one count of possessing controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). At the time of his sentencing on June 26, 2014, Mr. Baker's total offense level on Count 1 was 12, which, combined with his criminal history category of IV, produced an advisory Guidelines range of 21 to 27 months of imprisonment. The Guidelines range on Count 3 was 60 months—the mandatory minimum—consecutive to the sentence on Count 1. However, in light of the amendment to the drug quantity tables of the Guidelines that was pending at the time of the original sentencing, the parties filed a Sentencing Agreement. [DE 30]. Under that agreement, the government agreed not to oppose a downward variance in order to give Mr. Baker the benefit of that reduction immediately, and Mr. Baker agreed not to seek a further reduction in his sentence once the amendment took effect. The Court agreed, and applied a two-level downward variance to account for the pending amendment, resulting in a total offense level of 10 and an advisory Guidelines range of 15 to 21 months of imprisonment on Count 1. The Court imposed a sentence of 15 months of imprisonment on Count 1, consecutive to 60 months of imprisonment on Count 3, for a total term of 75 months.

Mr. Baker now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the drug quantity tables. However, as just discussed, Mr. Baker already received the benefit of that reduction at his original sentencing, and he agreed not to seek any further reduction based on this amendment. In addition, since § 3582(c)(2) does not allow a sentence to be reduced below the bottom of an amended guideline range and Mr. Baker was already sentenced at the bottom end of what his amended guideline range would be following a two-level reduction, the Court cannot reduce his sentence any further. Accordingly, the Court DENIES Mr. Baker's motion for a sentence reduction under § 3582(c)(2) [DE 39].

SO ORDERED.

ENTERED: April 7, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court