UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Case No. 3:13-CR-131 JD |
| | ) | |
| BRIAN L. BAKER | ) | |

## OPINION AND ORDER

Now before the Court is the Defendant Brian L. Baker's motion for reconsideration, in which he asks the Court to reconsider its denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court denied Mr. Baker's initial motion for two reasons. First, pursuant to a Sentencing Agreement filed prior to Mr. Baker's sentencing, he already received the benefit of the retroactive amendment to the Guidelines that he now invokes, and he agreed not to seek any further reduction based on that amendment. Second, regardless of why the Court granted Mr. Baker the two-level downward variance at sentencing, that variance makes Mr. Baker ineligible for any further reduction at this time. Only where the reduction at sentencing was related to substantial assistance would the Court have authority to impose a further reduction of sentence under Amendment 782. Mr. Baker's motion for reconsideration does not call either of these conclusions into question, so the Court respectfully denies Mr. Baker's motion for reconsideration.

Mr. Baker argues that the Sentencing Agreement should not preclude him from seeking further relief under Amendment 782 to the Guidelines because it was only a verbal agreement between his attorney and the government. That is not accurate, though. On June 4, 2014, several weeks prior to Mr. Baker's sentencing, the parties filed a document entitled Sentencing Agreement, which states in full:

> Whereas there is currently under consideration a proposed Sentencing Guideline amendment to reduce the base offense levels for drug offenses, generally by two offense levels, and the defendant wishes to take advantage of such an anticipated change, the parties now agree:
>
> 1. The government agrees not to oppose a downward variance in the sentence to be imposed upon the defendant consistent with the proposed amendment, the effect of which will be to give the defendant the benefit of the amendment now.
>
> 2. In exchange, the defendant agrees that in the event the Sentencing Guidelines amendment currently being considered takes effect, the defendant will not seek a further reduction in his sentence under 18 U.S.C. § 3582(c) based upon the amendment.

[DE 30]. Based on this agreement, the Court granted Mr. Baker the two-level variance to account for the anticipated amendment to the Guidelines—the same amendment under which he now seeks a further reduction. Mr. Baker offers no reason why this Agreement should not be enforced, so he is precluded from seeking a further reduction on this basis.

Second, even if the Sentencing Agreement did not exist, the Court still has no authority to reduce Mr. Baker's sentence any further under 18 U.S.C. § 3582(c)(2) at this time. Under § 1B1.10, which implements § 3582(c)(2), "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Mr. Baker's total offense level at the time of sentencing was 12, which, combined with his criminal history category of IV, produced a guideline sentencing range of 21 to 27 months of imprisonment on Count 1. Under Amendment 782 to the Guidelines, Mr. Baker's total offense level would have been 10, which, combined with his criminal history category of IV, would have produced a guideline sentencing range of 15 to 21 months of imprisonment on Count 1. Therefore, pursuant to § 1B1.10, the Court cannot reduce Mr. Baker's term of imprisonment on Count 1 to less than 15 months, which is the minimum of the amended guidelines range. However, Mr. Baker's sentence on Count 1 is already 15 months, as the Court gave Mr. Baker a below-Guidelines sentence at the time

of sentencing. Accordingly, the Court has no authority to reduce his sentence any further, so his motion for a sentence reduction under § 3582(c)(2) must be denied on that basis as well.

For these reasons, Mr. Baker's motion for reconsideration [DE 41] is DENIED.

SO ORDERED.

ENTERED: April 28, 2015

             /s/ JON E. DEGUILIO
            Judge
            United States District Court